**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose De Jesus PALENCIA–RAMIREZ,**
**Defendant–Appellant.**

No. 02–30015.

D.C. No. CR–01–02094–WFN.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM **

Jose De Jesus Palencia–Ramirez appeals his 37–month sentence following his guilty-plea conviction to illegally re-entering the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Palencia–Ramirez' contention that he is subject only to the two-year penalty under 8 U.S.C. § 1326(a) because government did not plead an aggravated felony in the indictment is foreclosed by *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414–15 (9th Cir.2001) (concluding that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not overrule *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and did not limit *Almendarez–Torres* to cases where a defendant admits prior aggravated felony convictions on the record).

Palencia–Ramirez' other contention, that the district court erred by enhancing his offense level by 16 levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), on the basis of an aggravated felony which he committed prior to a deportation not alleged in the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

indictment, is also foreclosed by *Pacheco–Zepeda. See Pacheco–Zepeda,* 234 F.3d at 414 ("The district court was entitled to consider *any prior aggravated felony convictions in sentencing* Pacheco–Zapeda for illegal reentry even though such conduct had not been charged in the indictment . . . .") (emphasis added).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.